PER CURIAM:
Plaintiff has moved to recuse Honorable Paul B. Landry, Jr., Judge of the Court, from consideration of his appeal herein, on the ground that Judge Landry has a “preconceived judicial bias which precludes him from judging this case . . . .”. The specific grounds for the motion are set forth therein as follows:
“That this case was assigned for oral argument before this court on October 27, 1972; that in the course of the oral argument by appellants’ counsel the said Judge Paul B. Landry, Jr., one of the members of the panel to which this appeal has been duly assigned, interrupted counsel’s oral argument to state that even though opposing counsel’s attack upon the personal character and morals of one of appellants’ principal witnesses in the trial court might have been improper and unwarranted, owing to the great respect he accords to the opinions of the trial judge in this case, he would entertain serious doubt as to whether *908 any such a remark in the brief submitted to the trial court by opposing counsel would have in any way affected the trial judge’s findings of fact; in effect, Judge Landry stated that he held the opinions of the trial judge in such high esteem that he could not accept the argument that an unwarranted impugning of the witness’s personal character could have influenced the trial judge’s discrediting of this witness’s testimony.
“That the outcome of this appeal is entirely dependent upon whether the trial judge’s findings of fact are erroneous, there being no serious questions of law presented by this appeal.
“That Judge Landry’s comment from the bench exhibits an improper interest or bias indicating that his opinion would be affected by considerations dehors the appellate record and hence depriving appellants of due process of the law and constituting a ground for recusation.”
Judge Landry has declined to recuse himself, and, in his response to the motion, states that, in his opinion, certain language used by counsel for plaintiff, both in oral argument and in brief, relative to the trial judge, was such as to be “tantamount to charging the trial judge with bias and impugning the character and ability of the trial court.” Only one member of this panel had the benefit of hearing oral argument, but the following excerpt from the brief filed by plaintiff is pertinent:
“In rejecting the claims of the surviving parents Judge P. Davis Martinez, the trial judge, refused to accept the testimony of the only disinterested witness to the accident. This case is a classic example of the enormous power vested in the judiciary of this country. The writer of this brief has practiced law before the trial judge for more than twenty years and is intimately acquainted with Judge Martinez’s modus operandi in writing a judicial opinion, and it must be said, empirically, that Judge Martinez’s ability to write an opinion is formidable. Judge Martinez knows well the appellate maxim that the findings of fact of the trial judge will not be disturbed by an appellate court unless manifestly erroneous. Naturally trial judges do not like to be reversed, and Judge Martinez does not fall in any exceptional category. He has learned very adoitly how to write a decision which will not be easily upset by an appellate review. In very simple parlance, I believe that Judge Martinez’s approach may be summarized with this simple explanation: “Never mind the law, give me the facts.”
“From this writer’s observation of Judge Martinez, he traditionally concedes not one single fact in favor of the losing litigant in his analysis of the testimonial evidence in his opinion. From a reading of his final determination of the testimonial evidence, one could hardly quibble about the law applicable thereto, so strongly is the factual evidence resolved against the losing litigant in his court.
“Despite my accute awareness of the formidable task undertaken to reverse Judge Martinez on his finding of facts, I am nevertheless obliged to do so for reasons personal as well as professional to redress the rights of the much aggrieved appellants in this case.
“Any discussion of the discredited witness’s testimony, I believe, should be initially put in context with the comments made by opposing counsel, Mr. Charles Hanemann, Jr. of the Terrebonne Parish Bar, in his brief addressed to the trial judge. On the first page of Mr. Hane-mann’s brief, submitted to the lower court, he stated with reference to the witness Joel Pierce:
“ ‘It is hard to imagine a witness less worthy of belief than Pierce. No disparagement of Pierce’s morals or motives is intended. Nor is it needed. . Though Pierce is and was at the time a most distinctive looking in *909 dividual with thick wavy, shoulder-length hair, a luxuriant, handle-bar mustache, and unusual mannerisms.
“Although there was not a scintilla of evidence to warrant the innuendoes employed by Mr. Hanemann in the quoted comments pertaining to the witness Pierce, Mr. Hanemann refused to remove the comments from his brief despite my personal exhortation to him before the brief was received by the court. In the rebuttal brief filed by the plaintiffs, this writer cited all of the ethical reasons known for ascribing impropriety to the comments quoted above by Mr. Hanemann. (cf. Code of Civil Procedure, Article 864 Louisiana Bar Association Code of Professional responsibility, DR. 7-106-(C)). In short, Mr. Hane-mann was not inclined to remove the prejudicial comments about the witness Pierce from his brief, and Judge Martinez, despite my vehement protest, was not in any way moved to require Mr. Hanemann to expunge the comments about the witness. These comments by Mr. Hanemann were calculated to discredit the witness in the eyes of the court by way of prejudice, and it would seem that Mr. Hanemann was eminently successful in doing so. Judge Martinez stated squarely at the outset, that the testimony of the witness Pierce was unworthy of belief, and entertained doubt, just as Mr. Hanemann had stated, that the witness was even present at the time of the accident. Judge Martinez disposed of the testimony of Pierce with dispatch:
“ ‘The court finds the testimony of Pierce to be riddled with inconsistencies and impossibilities. The demean- or of Pierce was not that of a credible witness. No one else saw Pierce at the scene. It is a real doubt in the mind of the court that Pierce saw the accident at all. If Pierce saw it at all, he must have been in a poor position to observe. Accordingly, the court finds the testimony of Pierce not to be credible.’
“Although it was hardly necessary to say so in precise words, the substance of the court’s holding is that the testimony of Pierce was perjured, although no reason was assigned for any motive on the part of the witness to perjure himself or for the plaintiffs or their attorney to predicate their case on perjured evidence. True, the court remarks that the testimony of Pierce was ‘riddled with inconsistencies and impossibilities’, but despite the gravity of the matter and the crucial import of the witness’s testimony, the court does not even bother to make any analysis of the supposed ‘inconsistencies and impossibilities’.”
After quoting the above passage, Judge Landry, in his response, stated that he felt it “his duty to defend the honor and integrity of a brother jurist whom Respondent holds in highest regard.” He further states:
“Your Respondent further pointed out to counsel for Movant that, in Respondent’s opinion, any improper remarks by counsel for Appellee concerning the alleged veracity of Appellant’s witnesses would not mislead or affect the judgment of a jurist possessed of Judge Martinez’s ability and experience. Respondent also pointed out to counsel for Movant that one of the prime functions of a trial judge is to determine the veracity of witnesses and that decisions of trial courts in such matters are entitled to great weight on appeal.
“Your Respondent informed counsel for Movant in unmistakable terms that Respondent considered counsel’s castigation of the trial court most inappropriate and out of order. Your Respondent denies that either this incident or his esteem for the trial court, independently or collectively, will affect Respondent’s impartiality in this matter to the slightest degree.”
*910 The grounds for recusal are set forth in Article 151 of the Code of Civil Procedure, which provides:
“A judge of any court, trial or appellate, may be recused when he:
“(1) Is a material witness in the cause;
“(2) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter’s employment in the cause;
“(3) Has performed a judicial act in the cause in another court;
“(4) Is the spouse of a party, or of an attorney employed in the cause; or is related to a party, or to the spouse of a party, within the fourth degree; or is related to an attorney employed in the cause, or to the spouse of the attorney, within the second degree; or
“(5) Is interested in the cause.
“In any cause in which the state, or a political subdivision thereof, or a religious body or corporation is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, or is. a member of the religious body or corporation, is not a ground for recusation.”
Rule IX, Section 6 of the Uniform Rules of the Courts of Appeal provides :
“The language used in any brief or document filed must be courteous and free from vile, obscene, or obnoxious expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class or association of persons, or of any court of justice, or of a judge or other officer thereof, or of any other institution. Any violation of this rule shall subject the author, or authors, of the brief or document to the humiliation of having such brief or document returned and to punishment for contempt of the authority of the court.”
The comments made by counsel in his brief at best imply that Judge Martinez would misrepresent the facts of a case in order to prevent a reversal of his judgment by an appellate court. Such an implication is not only unwarranted, but constitutes a severe breach of decorum on the part of counsel, and is specifically prohibited by the Rules of this court, supra.
Such a breach should not be overlooked by the courts, and, in reprimanding counsel, we are of the opinion that Judge Landry did no more than his duty.
Finally, we find nothing in this record to show any “preconceived judicial bias” on the part of Judge Landry. Certainly, a high opinion of a trial judge can form no basis for such a finding. In appellate work, one must necessarily form opinions as to the abilities of the trial judges whose judgments come under review. If these opinions can form the basis for recusal of an appellate judge, it would soon become extremely difficult to form a panel to hear any case. Such an opinion can no more affect the result of a case than can our opinion of the counsel or parties involved therein.
Motion to recuse denied.